IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KHAWALA ABU NEJMEH § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-816-Y |
| § | |
| CAROLYN W. COLVIN § | |

### MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER OF SOCIAL SECURITY AND REMANDING CASE

Plaintiff seeks judicial review of the Commissioner of Social Security ("the Commissioner")'s finding that she is not disabled and therefore not entitled to supplemental social security income payments. *See* 42 U.S.C. § 405(g). On January 1, 2016, the United States magistrate judge filed a report and recommendation to which Plaintiff filed objections (docs. 17, 18). For the following reasons, the Court declines to adopt the magistrate judge's recommendation.

**I. Procedural Background**

On May 31, 2012, Plaintiff filed her application for supplemental social security income (Admin. R. at 94-103, ECF No. 12). On July 3, the Social Security Administration ("SSA") denied Plaintiff's claim because "[she] [is] not disabled or blind under [its] rules" (Admin. R. at 45-48, ECF No. 12). On November 5, Plaintiff's request for reconsideration was denied (Admin. R. at 55-57, ECF No. 12).

On January 13, 2013, Plaintiff requested a hearing before an ALJ, which was held on November 20 (Admin. R. at 59-61, ECF No. 12). Plaintiff and vocational expert, Carol Bennett, testified at the hearing (Admin. R. at 31-42, ECF No. 1).

1

On February 28, 2014, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled because her impairments, singly or in combination, were not "severe" within the meaning of 20 C.F.R. § 416.921 (Admin. R. at 16-30, ECF No. 12). That same day, Plaintiff requested a review of the ALJ's decision (Admin. R. at 14-15, ECF No. 12). On July 25, Plaintiff's counsel submitted "Interrogatories from Impartial Medical Expert Kweli Amusa, M.D., dated July 25, 2014" to the Social Security Appeals Council ("AC") (Admin. R. at 556-565, ECF No. 12).

On August 7, the AC denied Plaintiff's request for review. In affirming the ALJ's decision, the AC noted that it had considered the interrogatories of Dr. Kweli J. Amusa and found it "[did] not provide a basis for changing the Administrative Law Judge's decision." (Admin. R. at 1-6, ECF No. 12).

On October 7, Plaintiff filed the instant suit for review of the Commissioner's decision (Pl.'s Complaint, ECF No. 1).

**II. Standard of Review**

Judicial review of social-security disability claims is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Avery v. Colvin*, 605 F.App'x 278, 281 (5th Cir. 2015)(citing *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012))

The ALJ uses a five-step process for evaluating disability under the Social Security Act: (1) whether the claimant is currently engaged in substantial gainful activity (whether the claimant is working); (2) whether the claimant has a severe

2

impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work (whether the claimant can return to his old job); and (5) whether the impairment prevents the claimant from doing any work. *Avery*, 605 F.App'x at 282 (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).

### III. Discussion

Plaintiff objects that the magistrate judge did not address her claim that the ALJ applied the incorrect severity standard set forth in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

In *Stone*, the United States Court of Appeals for the Fifth Circuit ("the Fifth Circuit") established the following standard for determining whether a claimant's impairment is severe at step two:

> An impairment is not severe only when it is a "slight abnormality" having "**such minimal effect** on the individual that it **would not be expected to interfere** with the individual's ability to work, irrespective of age, education or work experience. *Stone*, 752 F.2d at 1101.

The Fifth Circuit stated that it would assume that the ALJ had applied an incorrect standard to the severity requirement unless the correct standard was either set forth by reference to *Stone* or expressly stated in the decision. *Id* at 1106. "[U]nless the correct standard is used, the claim must be remanded to the Secretary for reconsideration." *Id*.

In 2012, the Fifth Circuit clarified that even if the ALJ errs in failing to follow the procedures set forth in *Stone*, such error

3

does not require remand unless the claimant is harmed by the error. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). Under *Taylor*, therefore, a *Stone* error no longer requires automatic remand but instead is subject to a harmless-error analysis.  *Id*.

In this case, Plaintiff is correct that the ALJ did not apply the correct standard when evaluating the severity of Plaintiff's impairments.  Although he references *Stone* in his decision, the ALJ recites the improper standard.  On page 22 of his decision, the ALJ concludes:

> The claimant does not have an impairment or combination of impairments that has **significantly limited** (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 416.921 *et seq.*)(Admin. R. at 22, ECF No. 12).

Under *Taylor*, the Court must determine whether Plaintiff was harmed by the ALJ's *Stone* error, that is, whether the ALJ's determination at step two is supported by substantial evidence.

"Substantial evidence is enough that a reasonable mind would support the conclusion." *Taylor*, 706 F.3d at 602.  "The evidence must be more than a scintilla, but it need not be a preponderance." *Id*.  "We will not re-weigh the evidence, try the questions de novo, or substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision." *Avery*, 605 F.App'x at 282 (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

Plaintiff objects that the Commissioner's decision is not supported by substantial evidence because the AC did not properly

4

evaluate the medical opinion evidence of Dr. Kweli J. Amusa. Plaintiff argues the AC summarily denied her request for review and did not explain its decision or evaluate the new evidence under 20 C.F.R. § 416.927, which provides the criteria for weighing medical opinions.

In deciding whether to deny a claimant's request for review, the AC must consider and evaluate any "new and material evidence" that is submitted if it relates to the period on or before the ALJ's decision. *Sun v. Colvin*, 793 F.3d 502, 511-12 (5th Cir. 2015); *See* 20 C.F.R. § 404.970(b).  If the AC finds that the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record," the AC will then review the case. *Id.* Otherwise, it will deny the claimant's request for review. *Id*. Although "[t]he regulations do not require the AC to provide a discussion of the newly submitted evidence or give reasons for **denying** review," in some instances remand be necessary if it is unclear whether the AC evaluated the new evidence.  *Id.*, 793 F.3d at 512.

In this case, the ALJ gave "great weight" to the medical opinions of [s]tate agency medical consultants Tina Ward, MD, and Patty Rowley, MD, "because they are consistent with the medical evidence of record (Admin. R. at 25, ECF No. 12)."  Drs. Ward and Rowley both determined Plaintiff's "limitations are not wholly supported by objective and EOR (Admin. R. at 392, 269)." The ALJ also concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not "entirely credible (Admin. R. at 23, ECF No. 12)."

5

On the other hand, in Dr. Amusa's "Impartial Medical Expert Interrogatories," when asked whether Plaintiff suffers from any "severe medically-determinable impairment, or combination of impairments," she lists "[a]bdominal [p]ain/chronic [c]onstipation with intermittent bouts of diverticulitis/colitis associated with significant emotional overlay...." (Admin. R. at 557, ECF No. 12.) Dr. Amusa cites to various hospital records in support of her conclusion. Dr. Amusa also states that Plaintiff is able to sit and stand six hours a day (Admin. R. At 558, ECF No. 12).

After considering the record as a whole, the Court, like the Fifth Circuit in *Sun*, is unable to determine whether substantial evidence supports the ALJ's denial of benefits. The ALJ's finding may still be correct and supported by substantial evidence, but the opinion of Dr. Amusa is significant and casts doubt upon the ALJ's finding. Dr. Amusa's opinion supports Plaintiff's claim and relies on much of the same evidence cited and relied upon by Dr. Ward, Dr. Rowley, and the ALJ in reaching their conclusions. Despite the significance of Dr. Amusa's opinion, no fact finder has attempted to reconcile her report with the conflicting reports of Drs. Ward and Rowley. "Assessing the probative value of competing evidence is quintessentially the role of the fact finder." *Sun*, 793 F.3d at 513 (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011)). It is not the role of the Court to undertake such an assessment here.

**IV. Conclusion**

For the reasons explained above, the Court REVERSES the decision of the Commissioner and REMANDS this case for further

6

proceedings consistent with this opinion under the fourth sentence of 42 U.S.C. § 405(g).

SIGNED February 18, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE